O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HOBBS, aka JAMES PETERS,<br><br>            Petitioner,<br><br>   vs.<br><br>LELAND McEWEN, Warden,<br><br>            Respondent. | CASE NO. SA CV 11-00308 SJO (RZ)<br><br>ORDER TO SHOW CAUSE RE TIMELINESS |

The Court issues this Order To Show Cause directed to Petitioner because the face of the petition suggests that the action may be time-barred.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after the petitioner's conviction becomes final: the date on which a State-created impediment – itself a violation of Constitutional law – was removed; the date on which a newly-recognized Constitutional right was established; or the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the courts have held that the statute also is subject to equitable tolling. *See Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010).

The current petition was filed on February 23, 2011. From the face of the petition and from judicially-noticeable materials, the Court discerns that –

(a) On March 15, 2002 in Orange County Superior Court, Petitioner pleaded guilty to attempted manslaughter with use of a firearm. He also admitted having a prior juvenile criminal adjudication against him. He was sentenced to 21 years in state prison. Pet. ¶ 2.

(b) Petitioner did not appeal. His conviction became final no later than mid-June of 2002, when his 60-day deadline for seeking a certificate of probable cause expired. *See* CAL. R. CT. 8.304(b) (former Rule 30).

(c) Over six years passed. In July 2008 Petitioner began a series of unsuccessful state habeas petitions, initially in the trial court, followed by the California Court of Appeal and the California Supreme Court. Pet. ¶ 6.

\* \* \* \* \*

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action has been time-barred since mid-June of 2003, one year after his conviction became final.

Petitioner implies that he was ignorant of the law as to his claims, *see* Pet. ¶ 5, but ignorance of the law's requirements does not excuse one from those requirements. *See generally Summers v. Patrick*, 535 F. Supp. 2d 995, 998 (C.D. Cal. 2008) (citing *Redd v. McGrath*, 343 F.3d 1077, 1084 (9th Cir. 2003), and other cases) (legal ignorance no basis for relief from limitations period). No basis appears in the petition for a later AEDPA-limitations-period starting date. Nor does the face of the petition disclose any basis for equitable tolling.

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause why this action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than 21 days from the filing date of this Order.

IT IS SO ORDERED.

DATED: March 1, 2011

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE